IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

THOMAS PATRICK SHANNON,

        Defendant.

Case No. 1:25-CR-149

HON: PAUL L. MALONEY
United States Magistrate Judge

_____

Jonathan Roth (P72030)
Assistant United States Attorney
P. O. Box 208
Grand Rapids, MI 49501

Frank Stanley (P28826)
Attorney for the Defendant
234 North Division Avenue, Suite 234
Grand Rapids, MI 49503

_____

**DEFENDANT'S SENTENCING MEMORANDUM**

**1. Overview**

      The defendant stands convicted by plea to two counts of sexual exploitation of minors and attempted sexual exploitation of minors, in violation of 18 USC 2251(a),(e).

      The defendant's guidelines are life, based on a criminal history score of I and a total offense level of 43.  That total offense level had the following components:

| | |
|---|---|
| Total Offense Level | 52 |
| Acceptance of Responsibility | -3 |
| Subtotal | 49 |
| Adjustment required by guidelines | 43 |

(R., 44, Page ID 268).

Because life exceeds the statutory maximum sentence, the guidelines become the statutory maximum sentence. (R., 44, Page ID 285).  As the contemporaneous pleading states, there is a dispute over whether the statutory maximum sentence is 30 years or 60 years.

## 2.  The 3553(a) Factors

Since the statutory minimum sentence is the guideline range, the 3553(a) factors have less significance than they might have in a different case.   However, these factors are arguably relevant to the companion variance motion, and the defendant will thus address them in this sentencing memorandum.

**Nature and Circumstances of the Offense.**   The offense involved the defendant contacting minor females using the Snapchat app.  The defendant offered money if the minors would send him images that constituted sexually explicit conduct.  Some of the minors did not respond but others did.  The defendant did not meet any of the minors in person, and he did not personally commit any offense involving physical conduct, e.g., sexual intercourse or physical abuse of any minor.  No weapons or violence were involved.  The guideline calculation severely punishes what the defendant did.  As this Court knows, the defendant's guideline calculations do not distinguish between what the defendant did and what other defendants have done which caused much more serious harm to the victims.

**History and Characteristics of the Defendant.**  The defendant had no prior criminal history.  The defendant was an orthodontist who was operating a successful practice.  There is no claim that he ever abused any of his patients or any family member.  His criminal conduct was completely different from the many good things he had accomplished in his life.  The defendant has had a long time to think about what has happened, and he is very remorseful.  He had no idea

2

that his criminal conduct involved such severe consequences. His letter to the Court expresses his remorse. Counsel has spent numerous hours with the defendant, and counsel believes that the feelings expressed in his letter are genuine.

**Seriousness of the offense.** There is no question that the offenses were serious. Any offense involving underage children is serious. The guidelines for such offenses are extraordinarily harsh. Major drug dealers and violent criminals are punished less harshly than an offender who violates 18 USC 2251 or similar statutes.

**Promote respect for the law.** The defendant will receive a lengthy sentence. He has lost everything that he had prior to his arrest. That lengthy sentence will be more than sufficient to promote respect for the law, even if this Court should conclude that some measure of leniency is appropriate.

**Just Punishment.** The lengthy sentence that the defendant will receive will adequately punish him for his conduct.

**Deterrence.** The defendant is himself certainly deterred. The length of the sentence will also satisfy general deterrence.

**Protect the public.** Even if this Court shows leniency and sentences the defendant to a sentence below the guidelines, that sentence will be more than sufficient to protect the public.

**Correctional considerations.** This factor is neutral.

In sum, the defendant is respectfully asking this Court to consider some leniency when imposing his sentence.[1] His guidelines will be either 30 or 60 years depending on how the Court

---

[1] The defendant has filed a companion motion seeking a downward variance.

resolves the objection regarding the statutory maximum sentence.  Given the defendant's age (44 years old), and the length of his likely sentence even if this Court concludes that some leniency is appropriate, the 3553(a) factors will be satisfied.

                                              Respectfully submitted,

                                              FRANK STANLEY, P.C.

Date: **February 9, 2026**          BY:      /s/    Frank Stanley
                                                    FRANK STANLEY (P28826)
                                                    Attorney for Defendant

                                                    Business Address:
                                                    234 North Division Ave, Suite 400
                                                    Grand Rapids, MI 49503
                                                    616-459-8600