IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

THOMAS PATRICK SHANNON,

Defendant.

Case No. 1:25-CR-149

HON: PAUL L. MALONEY
United States Magistrate Judge

Meagan D. Johnson
Assistant United States Attorney
P. O. Box 208
Grand Rapids, MI 49501

Frank Stanley (P28826)
Attorney for the Defendant
234 North Division Avenue, Suite 234
Grand Rapids, MI 49503

**DEFENDANT'S OPPOSITION TO UNITED STATES MOTION TO AMEND THE RESTITUTION AWARD**

**1. The Motion**

At the original sentencing hearing. This Court ordered restitution for MV-4's estimated counseling costs through December of 2029. (Govt. Ex. B).

The government's current motion seeks additional restitution for estimated counseling costs through December of 2033 (an additional four years).

In support of that Motion, the government attached three exhibits:

Exhibit A is a letter from MV-4's mother seeking restitution for an additional four years of counseling and explaining that she did not previously understand the need for additional counseling beyond the initial request. The mother is relying on the therapist for her request.

Exhibit B is a spread sheet which, among other things, lists the estimated restitution amounts for the years 2030-2033.

Exhibit C is a letter from a woman named Porsher Charles, who is described as a Clinical Mental Health Therapist associated with a firm named AYA Behavioral Health.

Although the letter does not specify AYA's location, an Internet search indicated that the firm and Ms. Charles are based in Washington, D.C.

Ms. Charles' letter is very general and does not contain any information relating to causality of any sort.

The government is asking this Court to amend the restitution order to add the estimated cost of therapy from 2030 to 2033.

**2. MV-4**

The defendant's contact with MV-4 is set forth in the pre-sentence report. MV-4 and the defendant communicated through OmeTV. The Internet describes this as an application that allows random strangers to communicate with one another. There is an age restriction (adults only). The PSI contains summaries of correspondence between the defendant and MV-4 on June 17, 2024 and June 21, 2024.

The summary from June 17, 2024 has the defendant stating that "and made so many guys feel amazing." The defendant also stated that their interaction could involve "other couples."

The summary from June 21, 2024 refers to a "Cali guy" and has MV-4 saying that the Cali guy was "fucking amazing."

These statements make it clear that the defendant was not the only person involved with the sexual exploitation of MV-4.

**3. Legal Principles**

In *Paroline v. United States*, 572 US 434 (2014), the United States Supreme Court held that a proximate cause requirement applied to all restitution awards. The Court also held that the amount of restitution should reflect the defendant's relative role in the causation process.

The Court defined proximate cause as having "some direct relation between the injury asserted and the injurious conduct alleged." The Court specifically held that a defendant cannot be held responsible for an amount that is out of proportion "to his own individual causal relation to the victim's losses." Said differently, the defendant should not be held responsible for the conduct of others and the losses caused by that conduct.

The government has the burden of proving that the alleged losses were proximately caused by the defendant's personal conduct and the defendant's individual responsibility for the minor's alleged losses. *Paroline;* 18 USC 3664(e).

**4. Discussion**

The government's request is insufficient because it seeks to hold the defendant responsible for 100% of MV-4's estimated counseling costs.

The communications set forth in the PSI make it clear that other people were involved with MV-4. MV-4's actions also indicate that other people were responsible for any trauma that MV-4 suffered. For example, she lied about her age so that she could use an adult-only communication site. Her statements during the communications reproduced in the PSI also indicate that the defendant was not her first and only contact and that other men were also involved. She was very willing to pose as requested.

As *Paroline* makes clear, the defendant can only be held responsible for the losses for which he was the proximate cause. The facts do not support awarding 100% restitution for the estimated counseling costs.

The other major flaw in the government's request is that no effort is made to establish proximate cause, i.e., that the defendant's conduct proximately caused a trauma that would be treated 4-8 years in the future. The defendant submits that since the government has not met its burden of establishing probable cause, the restitution award is not authorized by *Paroline.*

An additional problem is that the future counseling costs are totally speculative. MV-4 has already been awarded restitution for therapy between February of 2026 through December of 2029. One can only speculate about whether therapy beyond that date will:

a. be required. For example, the therapy already funded could well be successful; or b. involve other traumas that MV-4 experiences in her formative high school years which traumas will be totally unrelated to the defendant. Said differently, the trauma being treated in 2030-2033 would not have been proximately caused by the defendant.

Another problem is Ms. Charles' letter (Gov. Exhibit C). Specifically:

1. The letter is general and does not attempt to establish probable cause.

2. There is no CV and therefore no way to determine Ms. Charles' qualifications or whether she is professionally qualified to express any opinions about MV-4 and probable cause.

3. While Ms. Charles has a license, there is no indication as to what that license means. DC is not Michigan, and there is no information as to what one has to do in DC to earn such a license.

4. There has been no hearing, and the government did not request one. There thus has been no opportunity for this Court to evaluate what Ms. Charles might be able to say or not. There is no opportunity for cross examination.

*Paroline* sets forth in some detail the requirements for restitution in cases such as the defendant's. At the heart are requirements for probable cause and for an apportionment of restitution between multiple offenders. The government's filing does not attempt to satisfy either requirement and the motion should therefore be denied. The government has the burden of proof and has not met that burden.

**Conclusion**

For all of the reasons stated, the defendant is respectfully asking this Court to deny the government's Motion to Amend Restitution Order.

Respectfully submitted,

FRANK STANLEY, P.C.

Date: **May 11, 2026** BY: /s/ Frank Stanley

FRANK STANLEY (P28826)
Attorney for Defendant

Business Address:
234 North Division Ave, Suite 400
Grand Rapids, MI 49503
616-459-8600